IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

2009 MAR 30 PM 3: 25

KEVIN FADDIS,

HOWARD G. HOGAN

    Plaintiff,

v.                                        Docket Number: 174719-1

**WESTFIELD INSURANCE GROUP,**
**d/b/a WESTFIELD INSURANCE,**

    Defendant.

## COMPLAINT

COMES the Plaintiff, Kevin Faddis, by and through counsel and, and sues the Defendant, Westfield Insurance Group, d/b/a Westfield Insurance, pursuant to Tennessee Rule of Civil Procedure 57, and T.C.A. §29-14-101 *et seq.* for declaratory relief, and breach of contract, and for this cause of action, claims and alleges as follows:

### I. PARTIES

1. The Plaintiff, Kevin Faddis, is a citizen and resident of Knox County, Tennessee.

2. The Defendant, Westfield Insurance Group, d/b/a Westfield Insurance, is an insurance company, licensed to do business in the State of Tennessee and may be served with process through the Department of Commerce and Insurance.

### II. VENUE

3. This case concerns the construction of a written instrument as applied to a single family dwelling located in Knox County, Tennessee, and accordingly, venue is appropriate pursuant to T.C.A. §20-4-101. Moreover, Defendant, Westfield Insurance

EXHIBIT

Group, d/b/a Westfield Insurance, does insurance business in Knox County, Tennessee, including its insuring of Plaintiff's home, and accordingly, this court has personal jurisdiction over the Defendant.

### III. FACTS

4. The Plaintiff, Kevin Faddis, is the owner of a single family residence and the attendant real property located at 1031 Josepi Drive, Knoxville, Tennessee, 37918. The home was built in 1997, and Plaintiff purchased the same in 1999.

5. Defendant, Westfield Insurance Group, d/b/a Westfield Insurance, provides the homeowner's insurance for Plaintiff's property pursuant to policy number: OFH 1612974. A copy of the policy of insurance is not attached hereto pursuant to Tennessee Rule of Civil Procedure 10 as the same is in the possession of the Defendant.

6. As a result of the fact that Plaintiff's property began to experience major structural damage at a rapid and significant rate, Plaintiff contacted Defendant and made a claim under his homeowner's insurance policy. Defendant sent a structural engineer out to investigate, concluded that the cause was "differential settlement". Accordingly, Defendant wrote Plaintiff September 24, 2008, and informed him that "differential settlement" was not covered under his policy of homeowner's insurance and denied the claim. A copy of the September 24, 2008, letter is not attached hereto pursuant to Tennessee Rule of Civil Procedure 10, as the same is in the possession of the Defendant.

7. Since the receiving of the letter, Plaintiff has had other experts look at the damage to his property. These experts have concluded that the damage was not consistent with "differential settlement" but rather other causes which could, in fact, bring about the rapid deterioration of Plaintiff's structure, such as blasting and other types of

explosive activity in close proximity to Plaintiff's property. Plaintiff avers that such damage would be covered under Plaintiff's homeowner's policy issued by Defendant.

8. Accordingly, Plaintiff requests the court construe the policy of insurance and applicable coverages pursuant to Tennessee Rules of Civil Procedure 57 and the statutes governing declaratory judgments in Tennessee, 29-14-101 *et seq*. Plaintiff avers that this court has power to declare the right status and legal relations amongst the parties in this case pursuant to T.C.A. 29-14-102, this court has the authority to construe written instruments in accordance with T.C.A. §29-14-103, this court has the power to construe the policy of insurance as a contract in accordance with T.C.A. 29-14-104, and issue any additional relief which may be necessary or proper in accordance with T.C.A. 29-14-110.

9. Plaintiff avers that all parties who have, or claim, any interest which would be effected by any declaration, or made as parties to this Complaint. The Plaintiff further avers, and requests, that declaratory judgment statutes are remedial in nature and construed liberally to afford relief from insecurity with respect to the right status and other legal relations.

10. Plaintiff avers that the aforementioned facts and circumstances constitutes breach of contract for which Defendant is liable to Plaintiff for compensatory damages.

WHEREFORE, Plaintiff, Kevin Faddis, respectfully demands that a jury be empaneled to hear this cause and Plaintiff be awarded compensatory and punitive damages in an amount to be proven at trial.

RESPECTFULLY SUBMITTED this _____ day of March, 2009.

*[signature]*

Arthur F. Knight, III, BPR# 016178
Becker, Fleishman & Knight, P.C.
Post Office Box 1710
Knoxville, Tennessee 37901-1710
Phone: 865/522-5057
Fax: 865/522-3382
sjohnson@bfk-law.com
Attorney for Plaintiff

## COST BOND

Becker, Fleishman & Knight, P.C., as Surety, is held and firmly bound unto the Clerk and Master, Knox County Chancery Court, for the payment of all costs awarded against the principal. To that end we bind ourselves our heirs, executors and administrators.

The Principal is commencing legal proceeding in the Chancery Division or Probate Division of Knox County Chancery Court. If the Principal shall pay all costs which are adjudged against it, then this obligation is void. If the Principal fails to pay, then the surety shall undertake to pay all costs adjudged against the Principal. Mandated at T.C.A. § 20-12-120, *et seq.*

BECKER, FLEISHMAN & KNIGHT, PC

by: _____
Arthur F. Knight, III

FILED

## IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

2009 MAR 30 PM 3:25

KEVIN FADDIS,

HOWARD G. HOGAN

    Plaintiff,

v.                                                          Docket Number: 174719-1

WESTFIELD INSURANCE GROUP,
d/b/a WESTFIELD INSURANCE,

    Defendant.

## SUMMONS

To the above-named Defendants:

### Westfield Insurance Group d/b/a Westfield Insurance

You are hereby summoned and required to serve upon Arthur F. Knight, III, Plaintiff's attorney, whose address is Becker, Fleishman & Knight, P.C., P.O. Box 1710, Knoxville, Tennessee 37901, an Answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issue and tested this 30th day of March, 2009.

_____
Clerk

_____
Deputy Clerk

---

## NOTICE

To the Defendant:

    Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server:

Defendants **Westfield Insurance Group d/b/a Westfield Insurance** may be served with process as follows:

### Through the Commission of Insurance

### RETURN

I received this summons on the _____ day of _____, 2009.

I hereby certify and return that on the _____ day of _____, 2009, I:

    [__]    served this summons and a complaint on Defendant in the following manner:

_____

_____

_____

    [__]    failed to serve this summons within 30 days after its issuance because:

_____

_____

_____

                                        _____
                                        Process Server



**STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131**

April 06, 2009

Westfield Insurance Company
P O Box 5001
Westfield Center, OH 44251
NAIC # 24112

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 1830 0000 6982 5577
Cashier # 2483

Re: Kevin Faddis  V.  Westfield Insurance Company

   Docket # 174719-1

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on April 03, 2009 by Kevin Faddis pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Chancery Court of Knox County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Knox County
    400 Main Avenue, Rm 123
    Knoxville, Tn 37902

RECEIVED
APR 14 2009
LEGAL COMPLIANCE DEPARTMENT

Service of Process 615.532.5260